### In re: U.S.A. EXTERMINATORS, INC., FAIR LABOR STANDARDS ACT (FLSA) LITIGATION

Willie Earl Johnson v. U.S.A. Exterminators, Inc., et al., E.D. New York, C.A. No. 1:08–3079

Nestor Ortiz, Jr. v. U.S.A. Exterminators, Inc., et al., S.D. New York, C.A. No. 1:08–6769.

### MDL No. 2000.

United States Judicial Panel on Multidistrict Litigation.

Dec. 4, 2008.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL,* DAVID R. HANSEN and W. ROYAL FURGESON, JR., Judges of the Panel.

### ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Defendants U.S.A. Exterminators, Inc. (Exterminators) and Phil Aron have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Eastern District of New York. Plaintiffs do not oppose the motion.

---

* Judge Vratil did not participate in the disposition of this matter.

This litigation currently consists of two actions pending in two districts, one action each in the Eastern District of New York and the Southern District of New York.

After considering all argument of counsel, we find that Section 1407 centralization would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Inasmuch as this litigation involves only two actions, which are pending in adjacent districts, the proponents of centralization have failed to persuade us that any common questions of fact are sufficiently complex and/or numerous to justify Section 1407 transfer in this docket at this time. Alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004). The proximity of these two actions may make coordination by the parties and the courts feasible.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.